# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WILLIAM EMRAL, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOBIT BUSINESS MEDIA INC.,<br><br>    Defendant. | Case No. 1:22-cv-00741-HYJ-RSK<br><br>Chief Judge Hala Y. Jarbou |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

**\*\*\* Oral Argument Requested \*\*\***

# Table of Contents

                                                        **Page**

Introduction ............................................................................................................................... 1

I.       Factual Background ..................................................................................................... 1

II.     Argument ...................................................................................................................... 2

          A.  The Complaint should be dismissed because Emral's claims are barred by the applicable statute of limitations .................................................................................. 2

          B.  The Complaint should be dismissed because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 5

Conclusion ................................................................................................................................ 7

# Index of Authorities

Page

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 5, 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 5, 7

*Bishop v. Lucent Techs., Inc.*,
  520 F.3d 516 (6th Cir. 2008) ......................................................................................... 7

*Boelter v. Hearst Communications, Inc.*,
  269 F. Supp. 3d 172 (S.D.N.Y. 2017) ........................................................................... 3

*Browning v. Buko*,
  2022 WL 4117478 (Mich. Sept. 9, 2022) ..................................................................... 4

*Edwards v. Hearst Communications, Inc.*,
  2016 WL 6651563 (S.D.N.Y. Nov. 9, 2016) ................................................................ 3

*Gladych v. New Family Homes, Inc.*,
  468 Mich. 594 (2003) .................................................................................................... 4

*Krassick v. Archaeological Inst. of Am.*,
  2022 WL 2071730 (W.D. Mich. June 9, 2022) ............................................................ 3

*League of United Latin Am. Citizens v. Bredesen*,
  500 F.3d 523 (6th Cir. 2007) ......................................................................................... 5

*Nashel and Robinson v. The New York Times Company*,
  2022 WL 6775657 (E.D. Mich. Oct. 11, 2022) ......................................................... 6, 7

*Wheaton v. Apple Inc.*,
  2019 WL 5536214 (N.D. Cal. Oct. 25, 2019) ............................................................... 7

## Statutes

M.C.L. § 445.1712 ............................................................................................................ 5

M.C.L. § 600.5805(2) ....................................................................................................... 3

M.C.L. § 600.5813 ............................................................................................................ 3

**INTRODUCTION**

This case is just the latest of many cases brought by the same plaintiffs' lawyers in this Court, hoping to take advantage of the now-removed statutory damages provision in Michigan's Preservation of Personal Privacy Act (the "PPPA"). But this case is, colloquially, "a day late and a dollar short." Because the legislature amended the PPPA in July 31, 2016, the only potentially actionable claims asserted by Emral are from before July 31, 2016. This lawsuit was not filed until August 15, 2022, ***more than six years*** after the last day that claims were available under this statute. Although as argued below, Bobit believes the applicable statute of limitations should be three years (meaning the deadline to file these claims passed long ago), the reality is that even under a six-year statute of limitation Emral's counsel has advocated for in past cases, time is up. Thus, Emral's claims are time-barred and the Complaint should be dismissed with prejudice.

Even if the claims were not time-barred, however, Emral has failed to state a viable claim under Rule 12(b)(6) for violation of the PPPA. Emral alleges that Bobit wrongfully disclosed the "Private Reading Information" ("PRI") of Emral and the putative class of Michigan residents in 2016, in violation of the PPPA. But the Complaint is based on conclusory and threadbare allegations that fall short of the requirements for pleading a cause of action under Rule 12(b)(6). Indeed, the Complaint includes no allegations about the alleged disclosure of ***any*** customer information, including Emral. The Complaint does not say who supposedly received Emral's information or when this occurred. Accordingly, the case should be dismissed under Rule 12(b)(6) even if the Court concludes that the claims are not time-barred.

I.     **FACTUAL BACKGROUND**

Emral's Complaint is one of more than a dozen cookie-cutter PPPA lawsuits filed in this Court, each of which has virtually identical allegations. *See, e.g.,* PageID.531-534 (ECF No. 3),

Notice of Cognate Case. The Complaint is not tailored to Emral's personal experience in any way, but rather speaks in generalities about how the data broker industry works and asks the reader to make significant leaps in logic to assume that Emral's information was disclosed without authorization. Indeed, there are no facts in the Complaint whatsoever establishing that Emral's information was disclosed to anyone. Emral states in conclusory fashion that Bobit "rents, exchanges, and/or otherwise discloses" its customers' PRI, i.e., names, home addresses, and the titles of publications subscribed to, to third parties without consent or notice, and that such disclosures violated the PPPA. (Compl. ¶¶ 1, 5). But Emral does not provide any facts to specifically support the idea that Bobit disclosed *anyone's* information during the relevant time period (i.e., before July 31, 2016).

Despite filing hundreds of pages of exhibits, Emral's entire case seems to turn on the one-page data card found at Exhibit A, which is a data card from NextMark, Inc., showing the purported availability of the *Police* magazine mailing list nationwide through ***December 31, 2021***. (Compl. ¶ 2). Because Emral alleges that he subscribed to *Police* magazine before July 31, 2016, he claims this data card is evidence of unauthorized disclosure of his information in the statutory time period (Compl. ¶ 9), and he seeks to represent a class of Michigan residents who allegedly had their PRI disclosed to third parties by Bobit without consent prior to July 31, 2016. (Compl. ¶ 49).[1]

---

[1] Although the Court must take the allegations in the Complaint as true for the purposes of this Rule 12(b)(6) motion to dismiss, Bobit notes that it has no record of ever doing business with NextMark.

II. **ARGUMENT**

A. **The Complaint should be dismissed because Emral's claims are barred by the applicable statute of limitations.**

The Complaint should be dismissed with prejudice because Emral's claims (and those of the putative class) are barred by the applicable statute of limitations. Simply stated, the days of the pre-July 31, 2016 PPPA class action have ended. While the law is unsettled as to whether a three-year or a six-year statute of limitations applies to PPPA claims, both periods expired before this lawsuit was filed, the distinction should now be moot, and the case should dismissed.[2]

Six years from July 31, 2016 passed on July 31, 2022. This lawsuit was not filed until ***August 16, 2022***, sixteen days after the expiration of the statute of limitations. This is apparent on the face of the Complaint — Emral asserts that the six-year limitations period of M.C.L. § 600.5813 applies (Compl., n. 1), without offering any explanation for how this case, filed more than six years after July 31, 2016, should survive. The analysis here is straightforward — Emral's claim for pre-July 31, 2016 conduct is barred by the statute of limitations and the case should be dismissed, with prejudice.

In the process of conferring under Local Rule 7.1(d), Emral's counsel opined that he is entitled to certain relief from the limitations period based on the Michigan Supreme Court's Administrative Orders in response to the COVID-19 pandemic. *See* Administrative Order No.

---

[2] Bobit is aware that this Court has concluded that the six-year statute of limitations applies. *See Krassick v. Archaeological Inst. of Am.*, 2022 WL 2071730, *1 (W.D. Mich. June 9, 2022) (Jarbou, J.). Respectfully, Bobit disagrees and, in the interests of preservation, contends here that the three-year limitations period applies because Emral's claim is one for personal injury resulting from an invasion of privacy, meaning it should be subject to the three-year statute of limitations in M.C.L. § 600.5805(2). *See Edwards v. Hearst Communications, Inc.*, 2016 WL 6651563, *1 (S.D.N.Y. Nov. 9, 2016); *Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172, 187 (S.D.N.Y. 2017). But regardless, as set forth in greater detail below, the six-year statute of limitations has also expired and the case should be dismissed.

3

2020-3. That order purports to toll statutory limitations periods under Michigan law for what ultimately amounts to a period of 102 days, between March 10, 2020, and June 20, 2020. *See Browning v. Buko*, 2022 WL 4117478, *1 (Mich. Sept. 9, 2022) (Viviano, J., dissenting). This would mean that the limitations period for Emral's claim is extended to November 10, 2022.

In *Browning*, the Michigan Supreme Court was asked to review the propriety of this tolling order but declined to take up the issue. *Id.* However, in a dissenting opinion, Michigan Supreme Court Justice David Viviano, joined by Justice Brian Zahra, acknowledged that the defendants' argument that these "administrative orders improperly exercised legislative power" was a "strong argument that merits our attention." *Id.* at *2. Indeed, it appears the Michigan Supreme Court lacks authority to issue "court rules that prevail over statutes." *Id.* It "may do so only in matters dealing with practice and procedure in the courts and not in matters involving substantive law," and the Court has previously held that "[s]tatutes regarding periods of limitations are substantive in nature." *Id.* (citing *Gladych v. New Family Homes, Inc.*, 468 Mich. 594, 600 (2003)). Thus, the Court concluded in the past that "to the extent [a statute] enacts additional requirements regarding the tolling of the statute of limitations, the statute would supersede the court rule." *Id.* This means that the Michigan Supreme Court administrative order cannot extend the statutory limitations periods.

An alternative grounds for tolling would be under the Michigan Supreme Court's "equitable powers." *Id.* But as Justice Viviano notes in his dissent, "[e]quitable tolling is typically available only if the claimant was prevented in some extraordinary way from exercising his or her rights." *Id.* And "[a] pandemic during which the courts remain open to receive filings would not fit that bill and, unsurprisingly, it does not appear that our broad tolling orders have any historical precedent." *Id.* This is particularly true where, as here, the lawsuit at issue is being filed ***more***

4

***than two years after*** the tolling period ended. Even if Emral could argue that he was prevented from exercising his rights during the height of the COVID-19 pandemic in 2020, there is no justification for his failure to file this lawsuit in 2021 or the first half of 2022. Thus, there is no basis for equitable tolling.

Given that the Michigan Supreme Court lacked the authority to toll the substantive statute of limitations, the Court should find that regardless of what limitations period is applied, it expired before this case was filed and this case should be dismissed, with prejudice.

> **B.   The Complaint should be dismissed because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).**

Even if Emral's claim were not barred by the statute of limitations, it should be dismissed because it fails to state a claim for violation of the PPPA under Federal Rule of Civil Procedure 12(b)(6). Emral must allege facially plausible facts supporting liability under the PPPA in order to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.; see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("[A] formulaic recitation of a cause of action's elements will not do."). In short, a plaintiff's "factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

Here, the Complaint presents no facts to plausibly suggest that Bobit unlawfully disclosed Emral's PRI in violation of the PPPA. To state a claim under the PPPA, the plaintiff must plead facts indicating that (i) the defendant disclosed information about the plaintiff without consent,

5

and (ii) the information identified the plaintiff to the receiving party. M.C.L. § 445.1712 (1989) (barring disclosure "to any person, other than the customer, a record or information concerning the purchase . . . of [written] materials by a customer that indicates the identity of the customer"). Emral's claim is based on the threadbare allegation that Bobit disclosed PRI to "data aggregators, data appenders, data cooperatives, and list brokers . . . during the relevant pre-July 31, 2016 time period." (Compl. ¶ 1). Emral does not allege any facts beyond this conclusory statement, and therefore fails to plead adequate facts for the Court to conclude that it is plausible that Bobit is liable for a PPPA violation. *See Ashcroft*, 556 U.S. at 678.

Emral does not identify any party who received his information, or how that information was disclosed took place. (*See generally* Compl.). Moreover, Emral fails to provide any facts to support the notion that the alleged disclosure occurred before July 30, 2016. (*Id.*). Rather, Emral's claim is based on conclusory allegations about disclosure (Compl. ¶¶ 1-3, 5-6, 41-48, 60-73), along with more than 25 paragraphs addressing the history of the PPA, comparable federal law, and the "private information market" industry in general. (Compl. ¶¶ 14-40).

Importantly, Emral's so-called "documented evidence" of Bobit's PPPA violations also fails to plausibly support the conclusion that Bobit violated the PPPA before July 31, 2016. (Compl. ¶ 2; Ex. A). Emral relies on a NextMark data card dated **December 31, 2021**. (*Id.*). The data card shows only that sometime after December 31, 2021 (more than five years after any alleged statutory violation) a third party (not Bobit) offered to sell certain information about *Police* magazine subscribers. (*Id.*). This obviously cannot plausibly support the idea that Bobit violated the PPPA before January 31, 2016.

Indeed, Judge Stephen Murphy of the Eastern District of Michigan recently dismissed a PPPA claim that attempted to rely on a similar data card. *See Nashel and Robinson v. The New*

6

*York Times Company*, 2022 WL 6775657, *6 (E.D. Mich. Oct. 11, 2022). Judge Murphy held that "nothing on the data cards explains how the list brokers received Defendant's subscription list," meaning that "[t]he data cards thus fail to support a crucial element of Plaintiffs' alleged action: that Defendant 'engaged in the business of selling written material to disclose information personally identifying the customer.'" *Id.* at *5. Judge Murphy refused to make what he called "a large inferential leap" and dismissed the Complaint. *Id.* This case is substantially similar to the *Nashel and Robinson* case — in fact, that case was one of the many cookie-cutter cases brought by the same attorneys who brought this case — and the result should be the same.

In yet another action alleging claims under the PPPA, the court dismissed a similar complaint against Apple for failure to plead plausible facts. *See Wheaton v. Apple Inc.*, 2019 WL 5536214 (N.D. Cal. Oct. 25, 2019). The court dismissed the plaintiffs' PPPA claim because "[t]he complaint fail[ed] to plausibly allege with enough facts that Apple disclosed plaintiffs' personal listening information to third-party data brokers and similar entities," and the data cards identified in the complaint "d[id] not show that Apple disclosed customers' personal listening information." 2019 WL 5536214, at *5. Again, the result here should be the same.

Because the Complaint does not allege facts that "facially support the conclusion" that Bobit violated the PPPA, Emral has not met the requirements for pleading a claim under the statute. *See, e.g., Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008). Emral falls short of the "line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557. Thus, Emral's claims fail to meet the pleading standards of Rule 12(b)(6) and should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed, with prejudice.

Dated: October 21, 2022

Respectfully submitted,

/s/ Bryan K. Clark
Bryan K. Clark
bclark@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
(312) 609-7500

James R. Peterson
petersonj@millerjohnson.com
MILLER JOHNSON PLC
45 Ottawa SW, Ste. 1100
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

*Counsel for Bobit Business Media Inc.*

**Certificate of Compliance**

Defendant Bobit Business Media, Inc.'s Brief in Support of Its Motion to Dismiss complies with the word count limitation of W.D. Mich. LCivR 7.3(b)(i) because the brief contains 2124 words, including headings, footnotes, citations, and quotations, and excluding the parts of the brief exempted under W.D. Mich LCivR 7.2(c). The word count was generated using Microsoft Word 2016.

Dated: October 21, 2022

Respectfully submitted,

/s/ Bryan K. Clark
Bryan K. Clark
bclark@vedderprice.com
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, IL 60601
(312) 609-7500

James R. Peterson
petersonj@millerjohnson.com
MILLER JOHNSON PLC
45 Ottawa SW, Ste. 1100
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

*Counsel for Bobit Business Media Inc.*